UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARRY GROSSMAN, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: |
| DAVID SEDATH, A/K/A "DAVID SUNNYSIDE", and JUSTIN ANKUS, A/KA "JUSTIN STERLING," BOTH D/B/A "URBAN SPLATTER" | : |
| Defendants. | : |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, BARRY GROSSMAN ("Grossman" or "Plaintiff"), brings this complaint in the United States District Court for the Northern District of Illinois against DAVID SEDATH ("Sedath"), and JUSTIN ANKUS ("Ankus"), both d/b/a "URBAN SPLATTER" (together "Defendants"), alleging as follows:

**THE PARTIES**

1. Grossman is an experienced, commercial photographer of over thirty-five years, specializing in interior, hospitality, portrait, product, and architecture photography. Grossman has captured images for numerous clients, including Hilton, Corcoran Group, Kohler, RTKL, Creative Mindworks, among others. Grossman's work has been published nationally and internationally, including *Elle Decor Italy*, *Architectural Digest*, *Luxe*, *Architecture Designers Quarterly*, *Veranda*, and *Travel + Leisure*. Grossman teaches online and in-person workshops on post-production and lighting techniques. Grossman resides in Groveland, Florida.

2. Ankus is an individual and co-founder of "Urban Splatter." Ankus resides in Lemont, Illinois, and may be served at 300 Short Street, Apartment 3, Lemont, Illinois 60439.

3. Sedath is an individual and co-founder of "Urban Splatter." Sedath resides in West Hollywood, California, and may be served at 1037 North Genesee Avenue, # 3, West Hollywood, California 90046.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because Defendants have maintained sufficient minimum contacts with the State of Illinois and as a result the exercise of personal jurisdiction over Defendant by this Court would not offend traditional notices of fair play and substantial justice.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agent(s) reside or may be found in this district: "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant."

**FACTS**

**I.       The Photographs at Issue in this Lawsuit**

7. On March 14, 2017, Grossman captured the photographs, "Pinetree_Pool-Twilight-F," "Pinetree_Pool-Twilight-D," "Pinetree_Pool-Twilight-A," "Pinetree_Pool-Twilight-C," "Lerner-2," "Lerner-3," "Lerner-06108," and "Lerner-06117" ("Copyrighted Photographs"), copies of which are exhibited below:















8. Copyrighted Photographs were registered by Barry Grossman with the United States Copyright Office on March 17, 2023 (Registration No.: VA 2-342-231).

9. For all times relevant to this action, Plaintiff has been the author and exclusive copyright holder of all copyright rights in and to Copyrighted Photographs. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

## II. Defendant's Unlawful Activities

10. "Urban Splatter" or any reasonable derivation is not a registered business entity in any state in the United States.

11. "Urban Splatter" is a luxury real estate blog about eccentric luxury real estate and celebrity houses for the inquisitive fans interested in lifestyle and design, as well as the latest architecture, construction, home improvement and travel posts.[1]

---

[1] www.urbansplatter.com

12. Defendants own, operate, and are solely responsible for the content posted to their commercial website, www.urbansplatter.com, and corresponding social media.

13. Defendants own and operate similar websites to www.urbansplatter.com, including but not limited to:

- www.crittervibes.com ("At Critter Vibes, we embrace the delightful world of pets and the incredible bond they share with their human companions. Our dedicated team, composed of enthusiastic pet enthusiasts, is committed to providing a diverse array of content that caters to pet owners and animal lovers alike. Whether you're seeking detailed guides on proper pet care, insightful tips for enhancing your pet's lifestyle, or heartwarming stories that celebrate the joy pets bring into our lives, Critter Vibes is your go-to source.")[2]

- www.trafficdave.com ("Traffic Dave is on a mission to help traffic engineers, transportation planners, and other transportation professionals improve our world. As the go-to source of information for everything related to traffic analysis and transportation design, Traffic Dave provides insightful and relevant content that you can put to work in your professional life. With a fun and engaging tone, Traffic Dave makes learning about traffic engineering fun!")[3]

- www.kefimind.com ("your guide to mindful living and holistic health. Founded on the principles of scientific rigor and meditative wisdom, we deliver accessible content to enhance mental clarity and physical well-being. Join a community committed to growth and balance, and explore strategies that integrate seamlessly into your life. Discover the power of a

---

[2] www.crittervibes.com
[3] www.trafficdave.com

mindful approach with Kefimind, where your journey to a healthier, more centered self begins.")[4]

- www.tech-exclusive.com ("a blend of Justin's tech-savviness and my way with words. Not even a renegade cockroach or our Subaru's dramatic breakdown could derail our spirits. It's more than just a website; it's a battle cry against boredom and a testament to what two cousins can do with a little sun, a lot of coffee, and a rogue insect encounter!")[5]

- www.architectureadrenaline.com ("We specialize in celebrity real estate, DIY projects, and home improvement guides, but we also dive into broader topics like interior design, gardening, and construction trends. By combining in-depth research with visually engaging storytelling, we ensure every post offers value and sparks curiosity.")[6]

- www.chowvibes.com ("At Chow Vibes, we delve into the delicious world of food and culinary experiences. Our dedicated team, composed of food enthusiasts, is committed to providing a diverse array of content that caters to food lovers everywhere. Whether you're seeking detailed guides on gourmet hotspots, insightful tips for enhancing your culinary skills, or compelling stories that celebrate the art of cooking and dining Chow Vibes is your go-to source.")[7]

14. The above-referenced web sites, as well as www.urbansplatter.com, appear to be variations of clickbait websites, which feature "articles" or other content accompanied by cheap stock photographs, photographs in the public domain, or photographs which have been appropriated, in the hope to attract viewers and/or advertisers and drive traffic to the respective website.

---

[4] www.kefimind.com
[5] www.tech-exclusive.com
[6] www.architectureadrenaline.com
[7] www.chowvibes.com

15. "Urban Splatter" actively solicits and relies on advertisers for www.urbansplatter.com to generate revenue. See "Thank you for reaching out about advertising on www.urbansplatter.com. We offer guest post opportunities that include "to follow" links, home page placement for a set time, and promotion through our social channels."[8]

16. On or about December 1, 2022, Defendants copied and posted Copyrighted Photographs to their website, www.urbansplatter.com/2022/12/dj-khaled-house-the-florida-residence/:



---

[8] www.youtube.com/watch?v=_q5TlxYcRAY





17. Defendants are not and have never been licensed to use or display Copyrighted Photographs. Defendant never contacted Plaintiff to seek permission to use Copyrighted Photographs in connection with its website or for any other purpose.

18. Upon information and belief, Defendants located copies of Copyrighted Photographs on the internet and, rather than contact Plaintiff to secure licenses, simply copied Copyrighted Photographs for their own commercial use.

19. Plaintiff first discovered Defendants' unauthorized use/display of Copyrighted Photographs on or about April 23, 2023. Following Plaintiff's discovery, Plaintiff notified

Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of Copyrighted Photographs.

## COUNT I: COPYRIGHT INFRINGEMENT

20. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

21. Copyrighted Photographs are original works of authorship, embodying copyrightable subject matter, and therefore subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

22. Barry Grossman owns a valid copyright in Copyrighted Photographs, having registered Copyrighted Photographs with the Register of Copyrights.

23. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright.

24. Defendants reproduced, distributed, and publicly displayed Copyrighted Photographs without authorization from Plaintiff.

25. By its actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying Copyrighted Photographs for its own commercial purposes.

26. Defendants' infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.

27. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

28. Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of Copyrighted Photographs and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)),

Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of Copyrighted Photographs, which amounts shall be proven at trial.

29. Alternatively, to the extent infringement by Defendants of Copyrighted Photographs occurred post-registration or within the three (3) month period between first publication and registration, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

30. To the extent infringement by Defendants of Copyrighted Photographs occurred post-registration or within the three (3) month period between first publication and registration, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendants' conduct pursuant to 17 U.S.C. § 505 for such infringement of the corresponding Copyrighted Photographs.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. A declaration Defendants have infringed Plaintiff's copyrights in Copyrighted Photographs;
b. A declaration that such infringement is willful (to the extent applicable);
c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election (to the extent applicable), an award of statutory damages for willful infringement up to $150,000.00 for infringement of each photograph comprising the Work.
d. Awarding Plaintiff its costs and (if applicable) reasonable attorneys' fees pursuant to 17 U.S.C. § 505;
e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;
f. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or

continuing to display, transfer, advertise, reproduce, or otherwise market Copyrighted Photographs or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: May 28, 2025                                  **The Law Office of David C. Deal, P.L.C.**

*/s/ David C. Deal*
David C. Deal
117 4th Street NE
Charlottesville, VA 22902
Telephone: (434) 261-2704
Email: david@daviddeal.com
*Counsel for Plaintiff*